By the Court, Nelson, Ch. J.
It is provided by 1 R. S. 679 § 10 (p. 678, 2d ed.,) that££ no person who has not at the time a license to sell strong or spirituous liquors, or wines, to be drank in his house, shall erect or put up any sign indicating that he keeps a tavern ; and whoever offends against this provision, shall forfeit one dollar and twenty-five cents for every day such sign shall be so kept up.” It is clear that throughout this statute regulating taverns and groceries, the terms inn and tavern, and inn-holder and tavern-keeper are used synonymously ; as the phraseology “ no inn-holder or tavern-keeper,” and <c every inn-holder and tavern-keeper,” and £< every keeper of an inn or tavern” runs through the various sections of the act. The same remark is also applicable to many of the English statutes. (1 Hawk. P. C. 714, 715, Cur. ed. of 1834.) Such also, beyond all doubt, is the common under *157 standing of these terms. There may have been a slight difference at an early day ; but it is impossible to discover that any was intended by the framers of the statute. An inn and a tav-ern are both houses of public entertainment. The question in the case is, whether or not the sign erected and kept up by the defendant in front of his dwelling, indicated to the public that he kept a house of this character, within the meaning of the statute. These establishments, as houses for public accommodation, were well known at the common law, where we not only find a full description of the particular employment of an inn-keeper, but also many rules and regulations almost peculiar to that species of occupation. It is laid down that “ a person who makes it his business to entertain travellers and passengers and provide lodging and necessaries for them, their horses and attendants, is a common inn-keeper;(a) and it is no way material whether he have any sign before his door or not.” (Bac. Air. tit. Inns <§• Inn-keepers, (B). ) So, it is said that, though it be the entertaining of passengers that makes a man an inn-keeper, yet, if a person, having put up a sign before his door, afterwards pull it down, he thereby discharges himself of the burden of an innkeeper ; but if, after he takes it down, he continue to entertain travellers, it is as much a common inn as before. (Id. ; Palm. 374 ; Godb. 346 ; Parkhouse v. Forster, 5 Mod. 428 ; Parker v. Flint, 12 id. 254.) It is said also, that “ every inn is not an alehouse, nor every alehouse an inn; but if an inn uses common selling of ale, it is then also an alehouse ; and if an alehouse lodges and entertains travellers, it is also an inn.” (1 Burn’s Just. tit. Alehouses, I.) But, at common law, any person may erect an inn for the public accommodation, without a license; as the keeping of it is not a franchise, but a lawful trade open to every citizen. (Bac. Air. tit. Inns & Innkeepers (A). ) So, I apprehend, it is in this state, as far as it regards the keeping of these houses in the common law sense of the *158 term. The statute turns the employment into a franchise, only when it is sought to annex to the occupation the privilege of selling “ strong and spirituous liquors and wines to be drank in their houses.” This is the only license granted to the keepers of inns or taverns, or which the statute makes necessary. It provides, (1 R. S. 677 § 4, 2d ed.,) that “ the commissioners shall have power to grant licenses to keepers of inns and taverns fyc., to sell strong and spirituous liquors,” fyc. ; thereby clearly implying the existence of these houses and of this species of employment, already in common use. No license is necessary to authorize the business of keeping a tavern—the right to do so being common to all citizens—but if the keeper desire to annex to the employment the privilege of selling spirituous liquors or wines, a license must be obtained.
The argument for the plaintiffs in error goes, in effect, this length, viz : That no house of public entertainment can be kept in the state without taking out a license to sell spirituous liquors, &c. which, I apprehend, is altogether a mistake. The only effect of the excise laws is to forbid the sale of such liquors in the course of this employment, to guests or others, without license. It is true, the act requires that every keeper of an inn or tavern shall keep two spare beds for his guests, sufficient stabling, provender, hay, pasturage, &c.; (1 R. S. 678, § 8, 2d ed.,) but this and all the other corresponding sections in the act refer to such houses as are licensed, and to those only.
The ninth section requires that the keeper shall, within thirty days after obtaining his license, put up a proper sign, &c., indicating in some way that he keeps a tavern • and then follows the section in question, (§ 10,) forbidding any person who has not at the time a license to sell spirituous liquors, &c., to put up a sign indicating that he keeps a tavern—meaning, obviously enough, a public house duly licensed within the act. As the sign in this case held out no such indication, the court *159 below were right in deciding that it did not fall within the prohibition of the statute.
Judgment affirmed.(a)

 See Story on Bailm. § 475.

 As to the meaning of the terms “ house of entertainment”—“ tavern”— “ordinary”—“place of public resort”—“public place" &c., see "Wortham v. Comm'th, (5 Hand. 669 ;) Linkous v. Comm'th, (9 Leigh’s Rep. 608.)